## TOBIAN *v.* NEW CENTER DEVELOPMENT CO.

ASSUMPSIT—COMMON COUNTS—CONTRACTS—LIABILITY FOR BEN-
EFITS RECEIVED.

Where, in action on contract and also on common counts against
owner of building, general contractor, and subcontractors, for
work performed and materials furnished, rendered necessary
because of defect in building, it appeared that plaintiffs were
authorized to do said work at meeting attended by defendants
or their agents, but no arrangement was made as to who would
pay therefor, trial court properly held that, there having been
no contract, owner of building, who received benefit of said
services, is solely liable therefor.

Appeal from Wayne; Campbell (Allan), J. Sub-
mitted June 21, 1933. (Docket No. 116, Calendar
No. 37,323.) Decided October 2, 1933.

Assumpsit by Marcus Tobian and another, copart-
ners doing business as the Tobian Company, against
New Center Development Company, a Michigan cor-
poration, and others for balance due under contract
for inspection services. Judgment for plaintiffs
against defendant New Center Development Com-
pany only. Plaintiffs and defendant New Center
Development Company appeal. Affirmed.

*Aaron Droock* (*Benjamin B. Stepsay,* of counsel),
for plaintiffs.

*Monaghan, Crowley, Reilley & Kellogg,* for de-
fendant New Center Development Company.

*Wm. Henry Gallagher* (*William H. Kaplan,* of
counsel), for defendant Acme Cut Stone Company.

NORTH, J. We quote from the opinion filed by the trial judge:

"Marcus Tobian and Harry Tobian, copartners, bring this action against the New Center Development Company, H. G. Christman-Burke Company, Batchelder-Wasmund Company, and the Acme Cut Stone Company jointly and severally. The declaration is in assumpsit for work and labor performed, and materials delivered, on a building known as the Fisher Building in the city of Detroit, belonging to the first-named defendant. Plaintiff has declared specially on a contract, and also upon the common counts. No issue was raised during the trial as to the reasonableness of the items contained in the declaration. The sole question in the case is the determination of who is liable legally for the services admittedly performed. * * *

"The H. G. Christman-Burke Company was the general contractor; Albert Kahn was the architect; and the stone setting work on the building was done by the Batchelder-Wasmund Company and the Acme Cut Stone Company, who seem to have had the contract for this work jointly. These two concerns were subcontractors under the H. G. Christman-Burke Company. They, in turn, had a subcontractor, who was the present plaintiff here.

"In the original construction of the building, the method followed was that the owner furnished the stone, and the joint organizations, the Batchelder-Wasmund Company and the Acme Cut Stone Company set the stone which involved the necessary operation of setting the stones in mortar and supplying the anchors which bound the stones to the steel framework of the building. After this operation the Tobian organization went over the joints which had been raked, and pointed them, and cleaned the wall. * * *

"The Tobians seem to have been paid in full for their work, which seems to have been performed in an entirely satisfactory manner to all concerned.

"On or about the 2d day of May, 1930, a stone fell from the 18th story to the sidewalk below. Immediately following this the architect wrote a letter to the H. G. Christman-Burke Company, demanding an inspection of all the stone work on the building, without cost to the owner. Mr. Burke, of that organization, passed this information on to at least one of his subcontractors, the Batchelder-Wasmund Company. * * * Several meetings were held, at which the following were present: Mr. Wasmund, who assumedly represented both the stone cutters; Mr. Fettes, representing the architect; and Mr. Blake, representing the New Center Company. At these meetings the demand of the architect for an inspection was talked over. As a result of these conferences, Mr. Marcus Tobian was called in and told that an inspection was desired. No statement as to who was employing him, or who would pay was made by any one present, so far as any of the testimony in the case reveals. There was testimony, however, to the effect that those present told him to go ahead with the work, that they would see that he got his money. The testimony seems to disclose that the Acme organization was not represented at the meetings. Mr. Burke, of the H. G. Christman-Burke organization was present, but Tobian testified that he did not look to Burke, and therefore the H. G. Christman-Burke Company has been already relieved from liability on motion. There is no testimony that the architect's demand was communicated to Tobian. There is no testimony that the owner disclaimed an intention to pay. There is no testimony that Wasmund undertook and agreed to pay the bill. It seems to have been intended among themselves that the stone setters and the owner would divide between themselves the cost and ex-

pense, but this intention was not disclosed to Tobian, and therefore cannot bind him.

"We have, then, a situation in which the parties have made no express contract. The work and labor has been performed, and the benefits have been received by the owner. This work was demanded by the duly authorized agents, and accepted by the duly authorized agents of the owner. The owner has received the benefits thereof, and it is therefore the conclusion of this court that the work must be paid for at a fair and reasonable value by the owner.

"Much of the time of the trial was taken up by the discussion of the rights of the various defendants among themselves. It was the suggestion of the court at one stage of the proceedings that this case might be entirely disposed of if it were transferred to the equity side, and the mutual rights and liabilities of the defendants determined in this same proceeding. The consent of all parties was necessary to this course of action. This consent was not obtained. Therefore, but one question is presented on this record. That question is answered by directing that a judgment may be entered in favor of the plaintiff against the defendant, the New Center Development Company, and a judgment of no cause of action as to all the remaining defendants. Obviously, the rights *inter se* of these defendants are not passed on here."

The testimony taken sustains the reasoning and conclusion of the circuit judge. The main appeal is from his judgment in favor of plaintiffs and against the New Center Development Company as the owner of the property for $6,160.50 damages and costs. Of the damages so awarded the New Center Development Company admits its liability for new or additional work done for it by plaintiffs simultaneously with the repair work. This new work amounted to upwards of $1,600. All of the direct

or tangible benefits for which this suit is brought were received by the owner of the property, the New Center Development Company; and the judgment entered against it is sustained by the record.

Plaintiffs have perfected a cross-appeal, asserting a right of recovery against two other defendants. They do not claim they are entitled to a judgment against the H. G. Christman-Burke Company; and as to the defendants Batchelder-Wasmund Company and Acme Cut Stone Company there is a direct conflict in the testimony as to either having expressly agreed to pay plaintiffs for the repair work on this building. The record is such that as to these two defendants we would not be justified in disturbing the determination of the circuit judge wherein he said: "We have, then, a situation in which the parties have made no express contract." It follows that plaintiffs' cross-appeal, wherein they claim they are entitled to judgment against these two subcontractors cannot be sustained.

The judgment entered in the circuit court is affirmed, with plaintiffs' costs in this court against the New Center Development Company. The Acme Cut Stone Company will have costs against plaintiffs.

McDonald, C. J., and Potter, Sharpe, Fead, and Wiest, JJ., concurred. Butzel, J., did not sit. Clark, J., took no part in this decision.